IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CON-WAY TRANSPORTATION,          :
SERVICES, INC.,                  :          Case No. 4:03-cv-0374
                Plaintiff,         :
                                 :                    (Judge Jones)
          v.                  :
                                 :
REGSCAN, INC.,                   :
                Defendant.         :

## MEMORANDUM AND ORDER

### April 22, 2005

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Currently pending before the Court is Defendant RegScan, Inc.'s

("RegScan" or "Defendant") Motion to Dismiss (Rec. Doc. 68) for lack of subject

matter jurisdiction.  Both Defendant and Plaintiff Con-Way Transportation

Services, Inc. ("Con-Way" or "Plaintiff") have fully briefed the Motion and it is

now ripe for our review.

For the following reasons, we will deny the Motion.

## STANDARD OF REVIEW:

In considering a motion to dismiss, a court must accept the veracity of a

plaintiff's allegations.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also

White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990).  In Nami v. Fauver, 82 F.3d

63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in

considering a motion to dismiss alleging a failure to state a claim, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims."  Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also District Council 47 v. Bradley, 795 F.2d 310 (3d Cir. 1986).

## STATEMENT OF FACTS:

The dispute between the parties stems from a contract they entered into on May 3, 2000 that allegedly gave the Defendant a five-year limited "field of use" license to adapt software designed by the Plaintiff (the "Licensing Agreement"). As part of the Licensing Agreement, RegScan agreed to pay the Plaintiff "[a]n amount equal to 32% of the gross revenue received by RegScan received from the sale, use, or license of the Product."  (Cmplt. Ex. A ¶ 7(a)).  As a result of facts learned through discovery, RegScan now argues that Plaintiff's damages as of the time of the filing of its complaint amounted to $35,668.48, or 32% of RegScan's $111,464.00 in proceeds.  (Br. Supp. Mot. Dismiss at 2).  Con-Way alleges that after two years of operating under the Licensing Agreement, RegScan attempted to repudiate the contract by filing a declaratory judgment action, prior to Con-Way's

filing the instant claim, in the Lycoming County Court of Common Pleas on February 20, 2002 ("County Court action").[1]  Within the complaint at issue before us, Con-Way alleges that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

In our Order dated January 16, 2004, we stayed this matter until after a resolution of the County Court action.  (Rec. Doc. 46).  On August 6, 2004, the Honorable Dudley N. Anderson of the Lycoming County Court of Common Pleas issued an Opinion and Order dismissing RegScan's declaratory judgment action and holding, inter alia, "that the licensing agreement is valid and enforceable... ." (Rec. Doc. 50 at 5).  Subsequently, and as a result of Judge Anderson's decision, we lifted the stay previously imposed.  (Rec. Doc. 55).

Defendant now argues that Con-Way has failed to meet the amount in controversy requirement as set forth in § 1332 due to the fact that at the inception of this case, as aforestated, Con-Way's claimed damages amounted to just over $35,000.  Con-Way counters that when calculating the amount in controversy we must look at the total amount of royalties due to it under the life of the Licensing Agreement.  Both parties agree that this latter sum would be greater than $75,000,

---

[1] See RegScan, Inc. v. Conway Transportation Svcs., No. 02-00,304 (Pa Comm. Pleas Aug. 6, 2004)(Anderson, J.).

which of course is the monetary jurisdictional threshold set forth in § 1332;
however, Defendant seeks to restrict us to the alleged damages accrued as of the
date the complaint was filed, which damages are as noted far below the referenced
jurisdictional threshold.

## DISCUSSION:

The question pending before the Court is whether we have diversity
jurisdiction over Con-Way's complaint.  In particular, Defendant argues that
appropriate amount in controversy has not been met.  Title 28 Section 1332(a)
states:

> The district courts shall have original jurisdiction of all civil actions
> where the matter in controversy exceeds the sum or value of $75,000,
> exclusive of interest and costs...

If it appears to a legal certainty that a plaintiff, if succeeding on the underlying
counts of its complaint, could never recover a sum greater than the jurisdictional
amount, then the federal court would lack jurisdiction over the subject matter.  St.
Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938).

According to the Third Circuit Court of Appeals, the relevant time for
establishing the amount in controversy is at the commencement of the action.  See
Meritcare, Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217-18 (3d Cir. 1999).
In Meritcare, the court explained that "the amount in controversy is measured as of

4

the date of removal, a practice similar to that in original jurisdiction suits where the inquiry is directed to the time when the complaint is filed." Id. (citing Pullman Co. v. Jenkins, 305 U.S. 534, 5347 (1939). Here, therefore, we must first look to the damages Con-Way alleges it was due as a result of RegScan's breach, as they existed when Con-Way filed its complaint. See State Farm Mutual Auto. Ins. Co. v. Powell, 87 F.3d 93, 97 (3d Cir. 1996)("a federal court's jurisdiction ordinarily depends upon 'the facts as they exist when the complaint is filed,' and thus subsequent events that reduce the amount in controversy below the statutory minimum do not require dismissal.")(quoting Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989).

Moreover, as in the instant case, where a plaintiff is seeking to recover installments of a contract, it generally cannot use the entire value of the contract to meet the jurisdictional amount. Aetna Cas. & Sur. Co. v. Flowers, 330 U.S. 464, 467 (1947)("If this case were one where judgment could be entered only for the installments due at the time of the commencement of the suit, future installments could not be considered in determining whether the jurisdictional amount was involved, even though the judgment would be determinative of liability for future installments as they accrued."). The parties do not contest that the Licensing Agreement envisioned installment payments from RegScan to Con-Way and

therefore <u>Flowers</u> instructs that we look at the installments allegedly due on the date the action was filed.  <u>Id.</u>

However, the Third Circuit has carved an exception to this general rule and has held that when a "defendant has repudiated [a plaintiff's] right [to payments] entirely, and not just with respect to current payments, **the amount in controversy is the amount that may ever come due**."  <u>Dardovich v. Haltzman</u>, 190 F.3d 125, 135 (3d Cir. 1999)(<u>citing</u> <u>id.</u>); <u>see also</u> <u>BEM I, L.L.C. v. Anthropologie, Inc</u>.  301 F.3d 548, 553 (7th Cir. 2002) ("[T]he jurisdictional minimum in diversity cases is not the amount sought by the plaintiff but the amount at stake to either party to the suit.")(emphasis added).  In <u>Dardovich</u>, the Court found that an entire trust, not merely the damages claimed by the plaintiff, was at issue when the defendant asserted an affirmative defense that the plaintiff was not a beneficiary of the trust. Applying this exception to our facts, we therefore must look not only at the complaint filed by the Plaintiff to determine jurisdictional amount, but also at the Defendant's answer in order to see whether the Defendant put the entire Licensing Agreement at issue.

In its answer, Defendant "denied that there was a contract" in existence at all.  (Answer ¶¶ 3, 7-8).  Therefore, by arguing that the Licensing Agreement was invalid, Defendant placed its entire value at issue.  <u>See</u> <u>e.g.,</u> <u>Dardovich</u>, 190 F.3d at

135. Neither party disputes that the total value of the Licensing Agreement to Con-Way is greater than $75,000.  (See Pl. Br. Opp. Mot. Dismiss at n.2 citing Dep. of Ned Ertel).  Once RegScan placed the total value of the Licensing Agreement at issue, jurisdiction was established and absent a dramatic oversight by the Court or the parties, it should not withdrawn.  See e.g. Spielman v. Genzyme Corp., 251 F.3d 1, 4-5 (1st Cir. 2001)("[D]etermining whether a case belongs in federal court should be done quickly, without an extensive fact-finding inquiry."); Pratt Cent. Park Ltd. P'ship v. Dames & Moore, Inc., 60 F.3d 350, 352 (7th Cir. 1995)(So that the decision is made quickly and cheaply the "judge must simplify the inquiry").  Clearly, we could only be divested of jurisdiction based upon the later revelation of a fact through discovery which was knowable to the parties at the time of filing the complaint and answer.  That the Licensing Agreement would be deemed valid is not such a fact, and indeed that point was the very subject of the County Court action.

Since the time RegScan filed its answer, Judge Anderson, in the collateral court proceeding, ruled that the Licensing Agreement was valid.  RegScan now seeks, in effect, to amend or change its answer and to retreat from its previously asserted position regarding the invalidity of the Licensing Agreement.  (See Reply Br. at 1).  While it is true that the doctrine of collateral estoppel precludes us from

re-litigating the validity of the Licensing Agreement, we do not believe that

RegScan should, in effect, be allowed to amend its answer so as to remove

jurisdiction from this Court.

We will observe that RegScan waited until it received an unfavorable ruling

in Lycoming County before coming to us with this Motion.  RegScan's

abandonment of its good faith argument in support of its claim that the Licensing

Agreement is invalid will not suffice to divest jurisdiction.  See Corrada Betances

v. Sea-Land Serv. Inc., 248 F.3d 1, 6 & n.4 (1st Cir. 2001) (holding that a

subsequent discovery that a party's legal argument was invalid from the start does

not divest jurisdiction if that argument was made in good faith).  For obvious

reasons, Reg-Scan does not argue that its answer and the argument made therein

were made in bad faith.  As such, any subsequent decision by Judge Anderson

cannot alter our determination that we have subject matter jurisdiction over this

action.

Finally, we note that jurisdictional amount determinations are not to occur

**after** substantive issues in the case are decided.  See Doctor's Assocs, Inc. v.

Hamilton, 150 F.3d 157, 160-61 (2d Cir. 1998), cert. denied, 525 U.S. 1103

(1999)(defendant's request in state action for recovery in excess of jurisdictional

amount was a decisive basis in determining the amount in controversy in a federal

action); see also Lindsey v M.A. Zeccola & Sons, Inc., 26 F.3d 1236, 1244 n.10 (3d Cir. 1994)(dismissal of some claims does not cause court to lose jurisdiction over other claims if remaining claims cannot lead to recovery greater than jurisdictional amount).  Were we to find that Judge Anderson's decision divested this Court of jurisdiction, we would be improperly relying on a substantive decision relating to one of the underlying issues involved in this action.

Therefore, we hold that since RegScan placed the entire Licensing Agreement at issue in this case, its full value, which is clearly greater than $75,000, is the value we must use to determine subject matter jurisdiction.  As such, the Motion to Dismiss will be denied.

### NOW, THEREFORE, IT IS ORDERED THAT:

1.     Defendant's Motion to Dismiss (Rec. Doc. 68) is DENIED.

s/ John E. Jones III
John E. Jones III
United States District Judge