IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CON-WAY TRANSPORTATION, | : | |
| SERVICES, INC., | : | Case No. 4:03-cv-0374 |
|     Plaintiff, | : | |
| | : | Judge Jones |
|     v. | : | |
| | : | |
| REGSCAN, INC., | : | |
|     Defendant. | : | |

## MEMORANDUM AND ORDER

### October 6, 2005

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Currently pending before the Court is Defendant RegScan, Inc.'s ("RegScan" or "Defendant") Motion for Summary Judgment. (Rec. Doc. 81)("the Motion").

This Court has diversity jurisdiction over the instant action pursuant to 28 U.S.C. § 1332 (2005).

For the following reasons, we will deny the Motion in part and grant the Motion in part.

**PROCEDURAL HISTORY AND STATEMENT OF RELEVANT FACTS:**

This action is between Plaintiff Con-Way Transportation Services, Inc. ("Plaintiff" or "Conway"), a Michigan-based subsidiary of CNF, Inc., a California

corporation and Defendant RegScan, Inc., a Pennsylvania corporation. In May of 2000, the parties entered into a Licensing Agreement (the "Agreement") pursuant to which Defendant was to modify a computer software program ("the software") created by Plaintiff. The essence of the software was to facilitate regulatory compliance of trucking companies dealing in hazardous material transport.

In March 3, 2003, Plaintiff filed a complaint (doc. 1) against Defendant with this Court, alleging breach of contract (Counts I and II), Misuse of Proprietary Information (Count III) and Unjust Enrichment (Count V). Plaintiff also demanded an Accounting from Defendant to determine its damages (Count IV). (Rec. Doc. 1). In a companion state court action, Defendant sought declaratory relief as to the invalidity of the Agreement, alleging that Plaintiff failed to provide and/or misrepresented the software Defendant was to modify. On January 1, 2004, this Court entered an Order (doc. 46) staying the instant action until resolution of the companion state action. On August 6, 2004, Judge Anderson of the Lycoming County Court of Common Pleas found against Defendant on all claims of misrepresentation and contract invalidity. (Rec. Doc. 51).

At the heart of this action is Defendant's allegation that Plaintiff's software was "useless," forcing Defendant to develop a different computer software program from "scratch." (Rec. Doc. 82 at 1-2). Defendant seeks to avoid

performance under the Agreement on the grounds of non-occurrence of a condition precedent to Defendant's performance. Defendant alleges that the existence of viable, modifiable software was a condition precedent to its performance of software development and payment of licensing fees to Plaintiff. It is Defendant's contention that since the software was "useless" and unmodifiable, it was impossible for Defendant to perform under the Agreement. Further, Defendant alleges that it became aware of the software's defects only after signing the Agreement with Plaintiff.

In strong contrast, Plaintiff alleges that Defendant possessed the software prior to signing agreement and is therefore charged with the knowledge of the software's components. Although Plaintiff admits that the software was not ready for "field use" when provided to Defendant, Plaintiff denies Defendant's allegations that the software did not perform as represented or required. Moreover, Plaintiff alleges that the parties performed under the Agreement for a year and a half before Defendant stopped paying licensing fees to Plaintiff in February of 2002.

Both Defendant and Plaintiff have fully briefed the Motion and it is therefore ripe for our review.

**STANDARD OF REVIEW:**

Summary judgment is appropriate if "there is no genuine issue as to any

material fact and . . . the moving party is entitled to judgment as a matter of law." FED .R. CIV. .P. 56(c); see also Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990). The party moving for summary judgment bears the burden of showing "there is no genuine issue for trial." Young v. Quinlan, 960 F.2d 351, 357 (3d Cir. 1992). Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences which a fact finder could draw from them. See Peterson v. Lehigh Valley Dist. Council, 676 F.2d 81, 84 (3d Cir. 1982).

Initially, the moving party has a burden of demonstrating the absence of a genuine issue of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323 (1986). This may be met by the moving party pointing out to the court that there is an absence of evidence to support an essential element as to which the non-moving party will bear the burden of proof at trial. Id. at 325.

Federal Rule of Civil Procedure 56 provides that, where such a motion is made and properly supported, the non-moving party must then show by affidavits, pleadings, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). The United States Supreme Court has commented that this requirement is tantamount to the non-moving party making a sufficient showing as to the essential elements of their case that a reasonable jury

could find in its favor. Celotex Corp., 477 U.S. at 322-23.

It is important to note that "the non-moving party cannot rely upon conclusory allegations in its pleadings or in memoranda and briefs to establish a genuine issue of material fact." Pastore v. Bell Tel. Co. of Pa., 24 F.3d 508, 511 (3d Cir. 1994) (citation omitted). However, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993) (citations omitted).

Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)(emphasis in original). "As to materiality, the substantive law will identify which facts are material." Id. at 248. A dispute is considered to be genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

**DISCUSSION:**

    **A.**    **Counts I and II: Breach of Contract**

Defendant requests summary judgment on Counts I and II, arguing that its performance under the Agreement was excused because of non-occurrence of a condition precedent.  Defendant argues that Plaintiff did not satisfy the condition that formed the basis of the Agreement, namely that Plaintiff did not supply Defendant with software capable of modification.  Defendant argues that since the software supplied by Plaintiff was "useless" and unmodifiable, a fundamental condition of the Agreement never occurred and therefore its performance under the Agreement is excused.

Plaintiff denies Defendant's allegations that the software did not function as required under the Agreement.  Plaintiff alleges that Defendant knew the "design objectives [of the software] were fairly loosely structured," (doc. 88 at 16), and that the software, as supplied to Defendant, was not misrepresented in any way prior to contract formation.

It is apparent to us that a  number of genuine issues of material fact exist, most notably, whether the software "useless."  It would be improper for us, at this juncture, to ignore these issues of material fact, and therefore summary judgment with respect to Counts I and II of the complaint is denied.

We pause to note that we do not agree that Defendant is collaterally estopped from litigating Counts I and II of the complaint by virtue of the August

2004 decision of Judge Anderson in Pennsylvania state court. The doctrine of collateral estoppel precludes relitigation of an issue if:

>1) the issue decided in the prior adjudication was identical with the one presented in the later action;
>
>2) there was a final judgment on the merits;
>
>3) the party against whom the plea [of collateral estoppel] is asserted was a party or is in privity with a party to the prior adjudication; and
>
>4) the party against whom [collateral estoppel] is asserted had a full and fair opportunity to litigate the issue in question in a prior action.

Tucker v. Philadelphia Daily News, 577 Pa. 598, 608 (Pa. 2004).

Collateral estoppel does not preclude Defendant from defending against Plaintiff's claims on the theory of non-occurrence of a condition. To be sure, Defendant is precluded from relitigating the issue of whether the Agreement is a valid and binding contract. However, Defendant presently argues that it is excused from performance because of the non-occurrence of a condition. The doctrine of collateral estoppel can only be applied when a latter issue is identical to a litigated former issue. It is clear to us that whether performance is excused by the non-occurrence of a condition and whether a contract exists at all are two completely different issues. Therefore, Plaintiff's argument is not accepted by this Court.

### B.     Count III: Misuse of Proprietary Information

In its complaint, Plaintiff alleges that Defendant made sales of products in violation of the Agreement's trade secret and proprietary information aspects. Defendant argues that we should grant summary judgment on Count III because "what was licensed to [Defendant] under the Agreement was not a trade secret, was not confidential, and was not proprietary." (Rec. Doc. 82 at 12). Defendant supports this contention by citing the deposition transcript of Robert G. Petrancosta.

We do not read Mr. Petrancosta's testimony regarding the proprietary status of the license subject matter as dispositive of whether Defendant used trade secrets in violation of the Agreement. Mr. Petrancosta's testimony seems hesitant at best regarding the subject matter of the license and its status as a trade secret.

Based on the foregoing, we believe that there remains a genuine issue of material fact as to whether the software was a trade secret, and therefore deny summary judgment on Count III of the complaint.

### C.     Count IV: Accounting

In the complaint, Plaintiff demands an accounting of Defendant's sales and profits for the purposes of determining Plaintiff's rights to commission under the Agreement. Because this claim flows at least in part from the breach of contract

claims, and since we have declined to dismiss those counts, we will likewise not dismiss Plaintiff's demand for accounting at this stage of the proceedings.

### D.      Count V: Unjust Enrichment

Unjust enrichment is defined in Black's Law Dictionary, 8th edition, as " the retention of a benefit conferred by another, without offering compensation, in circumstances where compensation is reasonably expected.  In its complaint, Plaintiff alleges that Defendant was unjustly enriched "to the extend that the [D]efendant claims that no binding contract exists between it and [Plaintiff]." (Rec. Doc. 1 at 6).

Count V of the complaint was conditional on a ruling that no binding contract existed between the parties. As a result of Judge Andereson's opinion in the companion state case, it is res judicata that a binding contract existed between the parties.  Therefore, Count V of the complaint is hereby dismissed.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. With respect to Counts I, II, III and IV of the complaint (doc. 1), the Motion (doc. 81) is DENIED.

2.  With respect Count V of the complaint (doc. 1), the Motion is GRANTED and the said Count is DISMISSED.

> s/ John E. Jones III
> John E. Jones III
> United States District Judge